IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**MCDOWELL COUNTY,**

    **Plaintiff,**

**v.**                                                **CIVIL ACTION NO. 1:17-00946**

**MCKESSON CORPORATION, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before this court are plaintiff's motions to stay the deadline for responding to defendants' motions to dismiss and other pending case management deadlines. (ECF Nos. 17 and 18).[1] In those motions, plaintiff asks the court to essentially stay all pending activity in the case until such time as plaintiff files a motion to remand the case to state court and the court rules on the as-of-yet unfiled motion. Defendants AmerisourceBergen Drug Corporation and Cardinal Health, Inc., oppose plaintiff's motions. (ECF Nos. 19 and 20). For the following reasons, plaintiff's motions are **GRANTED** in part and **DENIED** in all other respects.

First, a motion to stay further activity in a case pending a ruling on a motion to remand is typically only filed once such motion to remand has been filed. And, it is not the court's typical practice to grant such a stay unless a good reason for

---

[1] The motions appear to be duplicates of one another except that they were filed by different plaintiff's counsel.

doing so exists.  In this case, the motion to remand has yet to be filed and the court would, in effect, be placing the case on hold for something that has not happened.  Second, plaintiff has not demonstrated good cause for delaying a response to the pending motions to dismiss.  Even if the case is remanded to state court, the merits of the dismissal motions will still have to be decided by that court.  Allowing the briefing to go forward per ordinary practice in this court enhances defendants' chances of securing a speedy disposition in that court (or this court should a motion to remand be denied).[2]  Finally, the parties' obligations under the Order and Notice are not such that the parties' time and effort will be wasted even if this case is remanded to state court.  Rather, such deadlines ensure that the case keeps moving while the court is deciding the legal issues raised by the parties.  For these reasons, a stay of this matter is not warranted.

However, given that plaintiff's original deadline for responding to the motions to dismiss has already passed, the court will grant a short continuance of those deadlines.[3] Therefore, plaintiff has seven (7) days from entry of this order

---

[2] If a motion to remand is filed in this case while the motions to dismiss remain pending, the court will, as it should, decide the remand motion first.

[3] Unless exceptional circumstances exist, in the future, any motion to continue should be filed well in advance of the deadline to be extended.

to respond to the pending motions to dismiss. Replies will be due in accordance with the local rules.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 17th day of February, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge