```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**THE COUNTY COMMISSION OF**
**MCDOWELL COUNTY,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 1:17-00946**

**MCKESSON CORPORATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before this court is a "Motion to Strike Plaintiff's Untimely Amended Complaint and for Ruling on Pending Motions to Dismiss" filed by defendants Cardinal Health 110, LLC ("Cardinal Health") and AmerisourceBergen Drug Corporation ("ABDC"). (ECF No. 31). In denying plaintiff's motion to stay all deadlines in the case pending a ruling on a motion to remand that had not yet been filed, the court ordered that plaintiff had seven (7) days from entry of its Order "to respond to the pending motions to dismiss." (ECF No. 21). Instead of filing responses to the pending motions to dismiss and motion for judgment on the pleadings, plaintiff instead filed the amended complaint at issue here. According to defendants, the time for filing an amended pleading as a matter of course had passed and plaintiff could only amend its complaint with leave of the court. (ECF Nos. 31, 34, and 35). Defendants also contend that the court's order extending the deadline for responding to the motions to dismiss

did not extend the deadline for filing an amended complaint.  See id.

Having fully considered the parties' arguments, the court **DENIES** the motion to strike the amended complaint.  While defendants' position is not without merit, the court is persuaded by the authorities cited in plaintiff's response that plaintiff's filing of an amended complaint fell within the scope of the court's Memorandum Opinion and Order of February 17, 2017.  See, e.g., Alliance Solutions, Inc. v. Quest Software, Inc., Civil Action No. ELH-11-2115, 2012 WL 692883, *8 (D. Md. Mar. 1, 2012) ("[A]s the plain text of Rule 15(a)(1) provides, an amended complaint is a permissible response to a Rule 12(b) motion. . . . In my view, a compelling argument can be made that consent to an extension of time to respond to a Rule 12(b) motion, and an order to the same effect, implicitly contemplate an extension of the time to file an amended pleading under Rule 15(a)(1).").  Furthermore, defendants have already responded to the amended complaint by filing motions to dismiss and those motions are ripe for decision.  For these reasons, the motion to strike and for ruling on the pending motions to dismiss is **DENIED.**

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001). "It is well settled that a timely-filed amended pleading

2

supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." Catlin Specialty Ins. Co. v. Jafrum International, Inc., Civil Action No. 3:14-CV-607-RJC-DCK, 2015 WL 10434683, *3 (W.D.N.C. Sept. 14, 2015) (recommending that district court deny as moot motion for judgment on the pleadings where leave to file amended complaint had been granted and amended complaint superseded earlier complaint); see also Sennott v. Adams, C/A No. 6:13-cv-02813-GRA, 2014 WL 2434745, *3 (D.S.C. May 29, 2014) ("Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint."). Accordingly, the motions to dismiss the original complaint filed by ABDC and Cardinal Health (ECF Nos. 10 and 12) are **DENIED** as moot. Likewise, McKesson Corporation's Motion for Judgment on the Pleadings (ECF No. 22) is also **DENIED** as moot.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 26th day of September, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge